ELWOOD & CO., APPELLANTS, V. ESTATE OF J. S.
MARSH, APPELLEE.

[FILED JANUARY, 2, 1891.]

Assignment for Creditors: CLAIMS: UNAVOIDABLE DELAY IN
FILING. Under the assignment law of the state, where the
creditor of an assignor, without any laches on his part, is pre-
vented from filing his claim within the time limited therefor by
the county judge, he may afterwards present his claim for allow-
ance and receive a *pro rata* share with the other creditors in the
assets unadministered at the time his claim is filed.

APPEAL from the district court for Webster county.
Heard below before GASLIN, J.

*Kaley Bros.,* for appellant, cited: *Bank of Muskingum
v. Carpenter,* 7 O., 71 ; *Cheeseman v. Kyle,* 15 O. St., 15;
*Ellis v. Carlisle,* 16 Miss., 552; *Succession of Yarborough,*
16 La. Ann., 258 ; *Perry v. West,* 40 Miss., 233; *Little v.
Little,* 36 N. H., 224; *Cruikshank v. Cruikshank,* 9 How.
Pr. [N. S.], N. Y., 350; *Trigg v. Moore,* 10 Tex., 197 ;
Wood, Lim., sec. 157 ; *Tindal v. McMillan,* 33 Tex., 484;
*Cullerton v. Mead,* 22 Cal., 96 ; *Johnston v. Johnston,* 36
Ia., 608 ; Perry, Trusts, sec. 867; *Wilcox v. Jackson,* 10
N. W. Rep., 665; *Petters v. Farrell,* 13 Id., 319 ; *Mollison
v. Mills,* 25 Id., 631 ; *Brewster v. Kendrick,* 17 Ia., 479 ;
*McAfee v. Phillips,* 25 O. St., 374; *Smiley v. Sampson,* 1
Neb., 87, 89; *State v. Button,* 25 Wis., 109.

*D. F. Trunkey,* and *Case & McNeny, contra,* cited: *El-
lison v. Lindsley,* 33 N. J. Eq., 258; *In re Holt,* 45 Ia.,
301 ; *McKindley v. Nourse,* 67 Id., 118; *Smith v. Wheeler,*
12 N. W. Rep., 626 ; *In re Burdick,* 10 Daly [N. Y.],
49; *Brewster v. Kendrick,* 17 Ia., 479.

NORVAL, J.

This is an appeal from the district court of Webster
county. The case is this: On the 14th day of January,

1888, John S. Marsh made a general assignment to the sheriff of Webster county. On the 23d day of January, 1888, the assignee filed his inventory with the county judge of the county, who on the same day fixed the 7th day of February for the meeting of the creditors to choose an assignee. The county judge gave notice of said meeting by publication as required by the statute, and mailed copies of such notice to each of the creditors. At the meeting of the creditors held on February 7, 1888, W. T. Auld was elected assignee, and qualified as such. On the same day the county judge fixed the 9th day of March, 1888, as the limit for filing claims against the estate. This order was published on February 8 in the *Red Cloud Helmet* and a copy of the notice was mailed, postage prepaid, two days later, to each of the creditors, including appellant. On the 2d day of April, 1888, the appellant filed with the county judge an unverified statement of his claim, amounting to $1,501.01, besides interest, accompanied by the four promissory notes representing his debt. Afterwards, on April 15, he verified the claim. On June 2, 1888, the appellant filed his petition with the county judge for an allowance of the claim. At the hearing, the county court held that the claim was barred by the statute, and was not entitled to be considered in any distribution of the assets of the estate, but the assignee was ordered to retain in his hands $530.65, the amount of the dividend the appellant would have been entitled to had his claim been allowed.

An appeal was taken to the district court, where a trial was had to the court, with finding and judgment against the appellant, from which he appeals to this court. The justness of the appellant's claim is admitted. The sole question presented by the record is whether the appellant's claim is barred by the statute, it having been filed after the expiration of the date fixed by the county judge for filing claims.

Section 16, ch. 6, Comp. Stats., which relates to assign-

mcnts, provides that: " Upon the day of the meeting of
the creditors the county judge shall fix a day, not more
than sixty nor less than thirty days thereafter, within
which all claims against the assigned estate shall be filed,
and within which the assignee or assignor or any creditor
may file any objection, defense, set-off, or counter-claim to
any claim which the assignor might or could have op-
posed to the same had action been brought upon the same
before assignment. Notice of the time so fixed shall be
given in the manner hereinbefore provided for notice of
the first meeting of the creditors. Any claim, objection,
set-off, or counter-claim not filed on or before the date so
named shall be forever barred from being considered in
the settlement of said estate or participating in any divi-
dend therein."

A literal interpretation of the language of the section
would perhaps bar the right of appellant to have his claim
allowed in the settlement of the estate. But we think its
provisions should be liberally construed, in order to carry
out the object and purpose of the legislature in passing
the assignment law, viz., to secure a fair and equitable di-
vision of the property of the assignor among all his cred-
itors.

It will be observed that the section provides that notice
of the time fixed in which claims shall be filed shall be
given in the same manner as notice of the. first meeting of
the creditors. The eighth section provides that the county
judge shall immediately give notice of such meeting by
publication in some newspaper published or of general
circulation in the county, and also shall within two days
after such publication mail a copy of such notice, with
postage prepaid, to each creditor mentioned in the inven-
tory of the assignor. The object of the notice is to give
an opportunity to the creditors to present their claims for
allowance and to share in the dividends. The undisputed
testimony shows that no notice of the order of the county

Elwood v. Marsh.

court, fixing the time for filing claims, was received by the appellant until after the time limited for that purpose had expired; that immediately thereafter the claim was filed, and that the failure to present it sooner was due to the lack of notice. It is clear that the appellant was not guilty of any laches. To hold that his claim should not be allowed, but be rejected in the settlement of the trust, would be unjust and inequitable and contrary to the whole spirit of the assignment law. Had a dividend been made before the appellant's claim was filed, then he would only have been entitled to a *pro rata* share with the other creditors in the assets not disposed of, for the rights of those creditors whose claims were filed in time, as well as the assignee, must be protected in any dividend already made. But in this case no dividend had been declared, and the appellant is entitled to receive an equitable share in the settlement of the estate. Suppose on the last hour of the day fixed by the judge for presenting claims a fictitious or trumped-up claim should be filed against the estate, or one against which the assignor has a valid set-off or counter-claim; under the strict construction contended for by the appellee, any objection, counter-claim, or set-off, afterwards filed against such claim, but prior to its allowance, could not be considered, although there was no opportunity to present the same in time.

We have examined and considered the authorities cited in the brief of appellee, and while some of them sustained a construction of the statute opposite to that which we give it, yet we do not see sufficient reason in those opinions to justify us in following them.

The judgment of the county and district courts are reversed and the cause is remanded to the district court with instructions to allow the claim of appellant.

JUDGMENT ACCORDINGLY.

THE other judges concur.