CAPITAL NATIONAL BANK, APPELLANT, v. JOHN W. WILLIAMS ET AL., APPELLEES.

[FILED OCTOBER 13, 1892.]

1. **Mortgage:** PROMISSORY NOTE: FORGED SIGNATURE: WEIGHT OF EVIDENCE. In an action to foreclose a mortgage upon real estate, the jury found that the purported maker did not sign either the note or mortgage, and the verdict being set aside, substantially the same findings were made by the trial court. A number of genuine signatures of the defendant were submitted to the jury and court for a comparison of handwriting, and such signatures are preserved in the record; but the proof fails to reach that degree of certainty to show that the judgment of the court below is clearly wrong.

2. ———: FORGERY: CANCELLATION OF LIEN. *Held,* That the evidence tended to establish the fact that the mortgage was a forgery, and that a judgment canceling the apparent lien caused by such mortgage on the real estate was right.

APPEAL from the district court for Fillmore county. Heard below before MORRIS, J.

*John P. Maule,* and *Charles H. Sloan,* for appellant.

*Ong & Jensen, contra.*

MAXWELL, CH. J.

This action was brought to foreclose a mortgage upon real estate. The note which the alleged mortgage was given to secure is as follows:

"$790.30.          FAIRMONT, NEB., January 19, 1887.

" January 19, 1890, after date, for value received, I, or we, promise to pay I. B. Chase, or order, seven hundred and ninety and $\frac{30}{100}$ dollars at First National Bank, Fairmont, Neb., with interest at ten per cent per annum after date.          JOHN W. WILLIAMS."

The defendant filed an answer to the petition as follows:

" Now comes the defendant, John W. Williams and for a further and more specific answer   *   *   *   says that he never executed the note described in plaintiff's petition, nor the mortgage purporting to secure the same, upon the land therein described and which he is informed and believes has been spread upon the records in the office of the recorder of deeds in the county of Fillmore, in the state of Nebraska, and never authorized any person to sign said note or said mortgage for him, and never acknowledged before any officer authorized by law to take acknowledgments of deeds or mortgages the execution thereof, and never delivered such a note or mortgage, or either of them, to I. B. Chase, or any other person or corporation whatsoever.

   *   *   *   "That at the time said note and mortgage purported to have been executed he was living with his family, Sarah A. Williams and five children, upon said

land, and was occupying the same as a homestead, and had been so occupying the same for several years prior thereto, and has occupied the said land as aforesaid since the time the said mortgage purports to have been executed, and up to the 1st day of March, A. D. 1890, and that said mortgage does not purport to be executed or acknowledged by the said Sarah A. Williams, wife of this defendant, and would, therefore, in any event be void. He therefore prays that the petition be dismissed on final hearing and that this defendant recover his costs."

To this answer the plaintiff filed a reply as follows:

"Plaintiff says that when said note and mortgage were by said defendant executed and delivered, said premises so mortgaged were worth $6,000, or above all incumbrances the sum of $3,800; that as a matter of fact that said premises have been recently heretofore sold by said defendant, to-wit, on or about the —— day of ——, A. D. 1889, to one Benj. Le Fevre, co-defendant herein, for the sum of $5,500, or for the sum of $3,300 above all incumbrances; that from said $3,300 there has been an amount sufficient to pay plaintiff's demand deposited in the Citizens Bank of Geneva, and the same is there still on deposit, subject to the outcome of this suit, and that after the deduction of the amount of said deposit for said purpose from said $3,300 there remains more than the sum of $2,000, claimed by the defendant as exemptions under the laws of the state of Nebraska, if the court should find that defendant is entitled to any exemption."

On the trial of the cause special questions were submitted to the jury: First, Did Williams sign the note in question? and second, Did he sign the mortgage sought to be foreclosed? To both of these questions the jury answered "No."

A motion was filed on behalf of plaintiff to set aside the verdict: First, because the jury was impaneled at the request of the court, and second, because the verdict was

against the weight of evidence. The motion was thereupon sustained and the verdict set aside.

The cause was then submitted to the court upon the evidence, which found the issues in favor of the defendant, and that the mortgage was a forgery, fraudulent, and canceled the same and dismissed the action.

Williams denies absolutely the making of either the note or mortgage. The note purporting to be signed by Williams was submitted to the jury, and ten other instruments which contained his genuine signature, to enable the court and jury to compare the signature on the note with his signatures admitted to be genuine. The originals are before us. It is true that the signature on the note is very similar to the signatures on two of the papers which are admitted to contain his genuine signature. The proof, however, fails to show that the finding and judgment of the court are clearly wrong and therefore cannot be disturbed.

Second—The original mortgage was not produced. The existence of a genuine mortgage was denied. There was a failure to account for the original in a satisfactory manner and the proof tends to show that the mortgage never had any legal existence. The purported note and mortgage were transferred to the plaintiff by an insolvent bank in Fairmont as collateral security, but the plaintiff possesses no greater rights than its assignor.

It is unnecessary to consider the other questions, as the mortgage has no validity. The judgment of the district court is

AFFIRMED.


THE other judges concur.