WALLACE WILBER ET AL. V. WILLIAM G. WOOLLEY.

FILED APRIL 16, 1895.    No. 6415.

1. School Buildings: RELOCATION. A school-house cannot be changed at a special election of the voters of a district, but can be relocated at any annual meeting by a vote of two-thirds of those present, except where the original location is three-fourths of a mile from the geographical center of the district, in which case the site may, by a majority vote, be changed to a point nearer such center.

2. Injunction: PUNISHMENT FOR DISOBEDIENCE. A party is not punishable for contempt of court for disregarding a void order of injunction; but when an injunction is legally granted in a case where the court has jurisdiction of the subject-matter and of the parties, it must be respected until set aside by the court allowing it, or it is reversed in the appellate court by some appropriate mode of direct review.

3. ———: ———. Where one knowingly disobeys an injunction which is not void, he is liable to punishment for contempt, though he would have been entitled to a vacation of the order upon a motion to dissolve, or upon a trial upon the merits of the bill.

4. Contempt: INJUNCTION BY COUNTY JUDGE. The disobedience of an injunction allowed by a county judge in an action brought in the district court is a contempt against such court. *Johnson v. Bouton*, 35 Neb., 898, followed.

ERROR from the district court of Antelope county. Tried below before ALLEN, J.

*Robertson, Wigton & Whitham*, for plaintiffs in error:

An attempt to prevent an election by injunction amounts to nothing. Parties are not guilty of contempt for refusing to obey such an injunction. (2 High, Injunctions [2d ed.], 1286; *Guebelle v. Epley*, 28 Pac. Rep. [Col.], 89; *Smith v. McCarthy*, 56 Pa. St., 361; *Walton v. Develing*, 61 Ill., 201; *Darst v. State*, 62 Ill., 306; *Dickey v. Reed*, 78 Ill., 262; *Harris v. Schryock*, 82 Ill., 119.)

Where a court acts without jurisdiction of the subject-matter, as in attempting to prevent a person from doing a lawful act, its action is absolutely void, and one is not guilty of contempt in ignoring an injunction granted under such circumstances. (3 Am. & Eng. Ency. Law, 788 ; *State v. Milligan*, 28 Pac. Rep. [Wash.], 369; *Ex parte Fisck*, 113 U. S., 713; *In re Ayers*, 123 U. S., 443; *In re Sawyer*, 124 U. S., 200; *Smith v. People*, 29 Pac. Rep. [Col.], 924.)

*O. A. Williams, contra.*

NORVAL, C. J.

This is a petition in error to review an order made by the district court by which the plaintiffs in error were adjudged to be in contempt of court for violating an order of injunction. It appears from the record that at a special election held in school district No. 19, of Antelope county, on the 28th day of March, 1892, for the purpose of changing the location of the school-house site, a majority of the qualified voters present voted in favor of such removal. On May 31 William G. Woolley, a resident elector and taxpayer of the district, instituted an action in the district court of the county against the plaintiffs in error, all of whom being officers of said school district, to restrain the removal of the school-house to the new site selected at said special meeting. An order of injunction was duly allowed by the county judge of the county, bond was given by the plaintiff as required by statute, and the injunction order was personally served upon the plaintiffs in error on June 1. No steps were ever taken to vacate said injunction, and on the 28th and 29th days of June, 1892, the plaintiffs in error disobeyed the said order of injunction granted by the county judge, by removing the school-house from the northwest corner of section 8, the point where it had been located for six years, to the southeast corner of sec-

tion 5.   Subsequently an affidavit was filed in the cause by Woolley, setting up the breach of the injunction by the plaintiffs in error, upon which an order to show cause was issued by the district court, and an answer thereto was filed. Upon the hearing, the court found the plaintiffs in error guilty of a contempt of court, and imposed a fine of $1 on each, and ordered a return of the school-house to the place from which it had been taken.   The plaintiffs in error, in their answer to the order to show cause why they should not be punished for contempt, set up as justifica-. tion for disobeying the injunction that at a general election held in said school district on June 27, 1892, the question of changing the school-house site was submitted to the . qualified voters present, and, by a majority vote of said electors, such site was changed from the northwest corner of section 8, in township 27, range 5 west, to the south-east corner of section 5, in said township, and that in pursuance of said vote the plaintiffs in error, as the officers of said school district, caused the school-house to be moved to the point last above mentioned.

Section 8, subdivision 2, chapter 79, Compiled Statutes, provides: "The qualified voters in the school district, when lawfully assembled, shall have power to adjourn from time to time, as may be necessary, to designate a site for a school-house, by a vote of two-thirds of those present, and to change the same by a similar vote at any annual meeting; *Provided,* That in any school district where the school-house is located three-fourths of one mile or more from the center of such district, such school-house site may be changed to a point nearer the geographical center of the district by a majority vote of those present at any such school meeting."   It will be observed that under the fore-going statute a school-house site, when once established, can be changed only at an annual school district meeting. There is no authority of law for changing such site at a special election.   Therefore, the vote on the question of lo_

cation taken on March 28 was illegal and void, and con-
ferred no power or authority whatever upon the officers
of the school district to move the school-house in ques-
tion.

A large portion of the brief of plaintiffs in error is de-
voted to the discussion of the proposition that a court of
equity has no power or jurisdiction to restrain the holding
of an election which is authorized by law, and that a party
is not liable for contempt of court for disobeying an in-
junction order enjoining an election legally called for a law-
ful purpose, for the reason that such order is absolutely null
and void. The authorities cited in the brief fully sustain
the proposition for which counsel contend, but the doctrine
stated has no application to the case under consideration.
Here there was no attempt to interfere with, or to restrain,
the holding of an election in the district for the relocation
of the school-house site. Nor were the plaintiffs in error
adjudged guilty of contempt on account of any vote taken
in the district upon the question of relocation, but because
they removed the school-house contrary to, and in defiance of,
the order of the district court. It is one thing to prevent an
authorized election by enjoining the election officers, and it
is quite another and different thing to test the validity of
an election, after the same has been held, by restraining a
public officer from carrying into effect the will expressed
by the electors. A court of equity has jurisdiction in the
latter case, while in the former it is powerless to interfere
by injunction.

The plaintiffs in error insist that the site for the school-
house was legally changed by the district at the annual elec-
tion, and it, therefore, became their duty to move the build-
ing to the new location, notwithstanding the order of
injunction. Whether the school-house site was lawfully
located at the election held on June 27 depends upon
whether the northwest corner of section 8, the place where
the building has stood for years, was three-quarters of a

mile, or more, from the geographical center of the district, since, if that be a fact, a majority vote of the qualified voters present at such election was sufficient to change the site to a place nearer the center of the district; otherwise it was necessary that the proposition should have received the affirmative vote of two-thirds of the electors of the district who participated at the meeting. There is a dispute between counsel for the respective parties as to how far the original site is from the geographical center of the district, and it is not an easy matter to decide owing to the irregular shape of the district. Assuming, for the purposes of this case, that the site for the school-house was relocated in the manner provided by law at the annual election, nevertheless that did not justify the plaintiffs in error in moving the building in violation of the writ or order of injunction theretofore granted, although the fact that the site was legally changed by the district, subsequent to the granting of the injunction, would have been sufficient ground for the vacation or dissolution of the injunction by the court had application therefor been made. The authorities agree that a party need not obey a void injunction order, but if the order is valid it must be respected, though irregular or erroneously issued, until it is vacated by the court allowing it, or reversed in the appellate tribunal by some appropriate method of direct review in the same action. The rule is thus stated in 2 High, Injunctions, sec. 1416: "With whatever irregularities the proceedings may be affected, or however erroneously the court may have acted in granting the injunction in the first instance, it must be implicitly obeyed as long as it remains in existence, and the fact that it has been granted erroneously affords no justification or excuse for its violation before it has been properly dissolved. And the party against whom an injunction issues will not be allowed to violate it on the ground of want of equity in the bill, since he is not at liberty to speculate upon the intention or decision of the court, or upon the equity of the bill, or to

question the authority of the court to grant relief upon the facts stated, except upon application to dissolve the injunction. So if defendant is in doubt as to the scope or extent of the injunction he should not willfully disregard or violate it with a view of testing such questions, but should apply to the court for a modification or construction of its order. And upon proceedings for contempt in this class of cases the only legitimate inquiry is whether the court granting the injunction had jurisdiction of the parties and of the subject-matter, and whether it made the order which has been violated, and the court will not, in such proceedings, consider whether the order was erroneous."

In the case under review the court below had jurisdiction of the subject-matter and of the plaintiffs in error. The injunction was properly granted and personally served upon them. They knowingly disregarded the mandate of the court, and are, therefore, liable to punishment for contempt, notwithstanding, under the showing made, they would have been entitled to a dissolution of the injunction upon a motion filed for that purpose, or upon a trial upon the merits. (*State v. Pierce*, 32 Pac. Rep. [Kan.], 924; *Forrest v. Price*, 29 Atl. Rep. [N. J.], 215; *Erie R. Co. v. Ramsey*, 45 N. Y., 637.) That they were actuated by the best of motives in doing what they did affords no warrant or excuse for disobeying the injunction, nor does it relieve them from punishment for its violation. The court doubtless, and properly so, took the facts in the case into consideration in fixing the penalty. True, the injunction order was allowed by the county judge, yet the breach of its terms was a contempt against the district court, and not the county judge. This was held in *Johnson v. Bouton*, 35 Neb., 898. The decision of the court below is right, and is

AFFIRMED.