FIRST NATIONAL BANK OF MADISON v. H. H. CARSON.

FILED JUNE 2, 1896.   No. 6561.

1. **Ruling on Motion:** REVIEW: BILL OF EXCEPTIONS. The action of the district court in overruling a motion cannot be reviewed here where evidence was necessary to support such motion and such evidence was not preserved by a bill of exceptions.

2. **Appeal:** OBJECTION TO ISSUES NOT RAISED BELOW: WAIVER. In a

case brought to the district court by appeal, the rule restricting the parties to the issues raised in the lower court must be invoked in framing the issues. It cannot be invoked by objection at the trial to the introduction of evidence in support of the new issue.

3. **Evidence:** HANDWRITING. Section 344 of the Code of Civil Procedure authorizes the genuineness of handwriting to be determined by comparisons made either by experts or by the jury of the disputed writing with other writings proved to be genuine.

4. ———: ———. Such genuine writings upon proof should be admitted in evidence for the purpose of permitting the jury as well as experts to make the necessary comparison.

ERROR from the district court of Madison county. Tried below before SULLIVAN, J.

*S. O. Campbell,* for plaintiff in error.

*Allen, Robinson & Reed, contra.*

IRVINE, C.

This case was before the court on a former occasion, when a judgment in favor of the defendant was reversed. (*First Nat. Bank of Madison v. Carson,* 30 Neb., 104.) The essential facts may be ascertained by reference to the former opinion. After the case was remanded to the district court the plaintiff obtained leave to withdraw its reply and thereupon filed a motion to strike out from the answer not only that portion thereof affirmatively pleading forgery, but also the general denial in so far as it put in issue the execution of the note sued on. The court sustained the motion in so far as it was directed to the plea of forgery, but overruled it otherwise. The case was then tried, the court excluding on the trial all evidence offered for the purpose of proving that the execution of the note had not been in issue in the county court. The trial resulted in another verdict for the defendant, and the plaintiff again brings the case here by petition in error.

Error is assigned upon the overruling of the motion to strike from the answer the general denial. The former

opinion holds that the defendant not having filed an affidavit as required by section 1100a of the Code of Civil Procedure, in the county court, the genuineness of the note was not there put in issue, and, therefore, upon proper objection, such an issue could not be raised in the district court; but such a motion must be supported by proof, and while the motion itself recites that the plaintiff offers in support thereof the papers filed in the county court, such a recital amounts merely to a declaration by the plaintiff that he will so support the motion. It does not prove that such papers were presented on the hearing of the motion, or that it was shown by any evidence that the requisite affidavit was not filed. The papers referred to appear in the bill of exceptions, but only as offered on the trial of the case, so that the record does not disclose that the motion was supported by the proof necessary to sustain it. We, therefore, cannot say that the district court erred in overruling the motion.

Nor was there any error in refusing to admit evidence on the trial for the purpose of proving that the issue then presented had not been raised in the county court. The former opinion is again authority for holding that such a question must be raised in framing the issues, and if an issue is raised by the pleadings, a party cannot, on the trial, object to proof in support of it, on the ground that it was not raised in the lower court. On the trial the plaintiff introduced the note in evidence with certain preliminary proof and then proved its purchase thereof. The defendant then took the stand and denied that he executed the note. The plaintiff, in rebuttal, undertook to meet this proof in two ways: First, by proving an admission by the plaintiff that he had signed the note; and, secondly, by witnesses who testified that in their opinion the signature was the genuine signature of the defendant. In connection with the latter class of evidence the defendant produced two documents, one of them an application for a loan and the other a tax schedule, both purporting to have been signed by the defendant. There

was quite satisfactory evidence introduced of the fact of the defendants signing these two documents. They were then offered in evidence and excluded. The plaintiff then called the defendant himself. He admitted having signed the tax schedule, and as to the application for a loan said that the signature looked like his and "he guessed it was his." The instruments were again offered in evidence and again excluded; but the court permitted expert witnesses called by the plaintiff to examine these signatures and compare them with that on the note and testify as to their belief in the identity of all three signatures. It seems to have been the theory of the trial court that instruments not in evidence for other purposes might be used by experts for the purpose of comparing the handwriting, but that they could not be admitted in evidence for that purpose. In this we think the court erred. At the common law there has been a great deal of controversy as to whether instruments not in evidence for other purposes might be used for the purpose of a comparison of the writing; but our Code, section 344, removes the question from our practice. It provides that "Evidence respecting handwriting may be given by comparisons made, by experts or by the jury, with writings of the same person which are proved to be genuine." In *Huff v. Nims*, 11 Neb., 363, the court referring to a similar question said: "The jury were competent to make the comparison between the writing in the note and that made in their presence, either with or without the aid of experts." In *Grand Island Banking Co. v. Shoemaker*, 31 Neb., 134, *Huff v. Nims* was approved in regard to the competency of the jury to make the comparison under section 344. It is a somewhat singular coincidence that the latter case referred to a similar note, made to the same person and apparently under the same circumstances as that involved in the case at bar. (See, also, *Capital Nat. Bank v. Williams*, 35 Neb., 410.) The court by its ruling gave the plaintiff the benefit of expert testimony based on a comparison of the signature to the

note with the proved signatures of the defendant; but by excluding the instruments from evidence it deprived the plaintiff of the right to have the jury make such a comparison, which section 344 declares, and the cases cited decide, that the jury was competent to do.

REVERSED AND REMANDED.