STATE OF NEBRASKA, EX REL. JACOB COHN, V. PAUL JESSEN, JUDGE.

FILED DECEMBER 3, 1902.    No. 13,005.

1. **Injunction:** AFFIDAVITS: BILL OF EXCEPTIONS: PRESUMPTION. Where affidavits in support of and against the issuance of a temporary order of injunction are not preserved in a bill of exceptions, this court will presume that they were sufficient to support the allegations of the petition and warrant the issuance of the order.

2. **Quia Timet:** TEMPORARY INJUNCTION: CONFLICTING EVIDENCE: MANDAMUS. Where, in a controversy over title to real estate, both parties being before the district court asking that title be quieted in each of them respectively, a hearing is had on an application for a temporary injunction, and on conflicting evidence an order is issued restraining one party from interfering with the possession of the other, it can not be said, on an application for mandamus, that the order was unauthorized and in effect dispossessed the party against whom the injunction runs of property he was in possession of, and for that reason is void.

3. **Mandamus:** CORRECTION OF ERRORS: ADEQUATE REMEDY IN DUE COURSE OF LAW. The writ of mandamus will not issue merely to correct errors; it must further appear that the remedy prayed for by the application for the writ can be obtained by that means only and as a last resort, and that the relator has no adequate remedy in the due and ordinary course of the law.

4. ————: ERROR: APPEAL. The writ will not ordinarily issue when its effect would be to reverse or vacate an order of a court or tribunal having jurisdiction to make the order, and especially when such order is one that may be reviewed on error or by appeal.

ORIGINAL application for a writ of mandamus commanding the respondent, as Judge of the Second Judicial District, to dissolve a temporary order of injunction.  *Writ denied.*

*William F. Moran,* for relator.

*John C. Watson* and *John V. Morgan, contra.*

HOLCOMB, J.

The relator, in an original action brought in this court, sues for a peremptory writ of mandamus directed to the respondent, as judge of the district court of the second judicial district, commanding him to vacate and annul a temporary order of injunction allowed in an action pending in the district court for Otoe county, wherein the relator was defendant and one Topping plaintiff. The right to the writ prayed for is grounded on the proposition that the order of injunction which it is sought to have vacated in effect transfers the possession of real property from the relator to the plaintiff in the action mentioned, and that such order is unauthorized, null and void under the rule announced in *State v. Graves*, page 17, *ante*. We there decided that a court or judge had no authority by a provisional injunction to transfer the possession of real or personal property from one litigant to another, and that such an order, made by a judge at chambers without a hearing or an opportunity to be heard, was not only erroneous, but absolutely void. The application in the case at bar is submitted on the pleadings and the record of the cause in the court below, in which the temporary order of injunction was issued. It appears therefrom that one Mary A. Topping began an action, equitable in character, against the relator and others to quiet the title to certain lands which she claimed to own by adverse possession. The relator, as defendant, answered in the action and invoked the jurisdiction of the court by asking affirmative relief and the quieting of the title to the same property in him, he claiming it as accretions to lands to which he held the legal title along the banks of the Missouri river. After the action had progressed to a certain point, a stipulation of settlement and dismissal was filed in the case as to all the defendants except the relator. As the action then stood, the plaintiff and defendant were both before the court, each invoking its jurisdiction in his or her behalf, one claiming title to the property by adverse possession and the other

claiming the same property as accretions to lands he then owned, and each praying that title thereto might be quieted in her and him respectively. When the action had progressed thus far, and while the plaintiff and relator were each before the court praying for affirmative relief, the plaintiff filed an amended petition, in which she pleaded her right to the real estate in controversy and alleged her actual open and notorious possession thereof, and further alleged that after the beginning of the action and on May 13, 1902, the relator procured others (naming them) to enter unlawfully and forcibly upon said premises and by threats of violence ejected therefrom the plaintiff, her agents and employees, and wrongfully and unlawfully took possession of the premises and unlawfully and with force of arms detained possession thereof; that they tore down and destroyed plaintiff's fences on said premises and threatened to continue to do so as often as the same were restored; and refused to permit the plaintiff to enter upon the land or use the same for agricultural purposes, for which she alleged she was using it. The plaintiff prayed for an injunction restraining the defendant from interfering with the possession of the plaintiff of said premises pending the action, and for judgment on the final hearing quieting title in her. The answer of the relator was, in substance, that on the 23d of July, 1902, he entered into possession of the premises and that he received possession thereof from one Totten, who had been in possession of said premises since the spring of 1901, continuously; denied that plaintiff was in possession or that she had any right, title or interest in the land; alleged his ownership of certain lots adjacent thereto and the acquisition of title thereto from the state, and that he thereby acquired title to all the lands in controversy. The reply consisted of a general denial. In the order granting the temporary injunction complained of, it is recited that the cause came on to be heard on the application for a temporary injunction upon the pleadings and affidavits in support of the application and counter affidavits, upon consideration of which

the defendant was enjoined until the further order of the court from interfering with the plaintiff's possession of the land in controversy (describing it) and from destroying or removing any of plaintiff's property located thereon or any part thereof. It is further recited that "by agreement of parties it is hereby ordered that the above injunction shall not affect any wire placed upon said property by the defendant, nor the boat or house-boat now located thereon"; and the defendant was given permission to remove said boat to the land to which he held the legal title, to there remain in his possession until the final hearing of the case. The affidavits on which the order was granted are not preserved in a bill of exceptions, and we can only presume that they were sufficient to support the allegations of the plaintiff in her amended petition, and warrant the issuance of the order. There is some evidence in the nature of admissions in the prior pleadings that the relator was in possession of the real estate before the beginning of the action, but such evidence is not conclusive, nor is it properly before us for consideration, the amended pleading having superseded those preceding it. It is obvious that the order goes no further than to restrain the relator from interfering with the plaintiff's possession of the real estate and her property thereon, which she then, we must assume, actually held. This was entirely within the scope and functions of a temporary restraining order, and, the court having jurisdiction of both the parties and the subject-matter of the action, we can conceive no sound legal principle which would warrant the conclusion that the order was unauthorized and void. The court was authorized and had jurisdiction to make such orders as would protect the litigants in their respective rights in the property pending the litigation, and to prevent infringement by one litigant on the rights of the other. If the court erred in the issuance of the order, this could be corrected on a motion to dissolve or on the final hearing; or, in the event the relator did not obtain the relief he was entitled to, he had a plain, adequate and speedy remedy in the due course of law by appeal or error proceeding to

this court. The application in the case at bar falls far short of coming within the rule stated in *State v. Graves, supra,* and *Calvert v. State,* 34 Nebr., 616. In both those cases, the property was confessedly in the possession of the person against whom the injunction ran, and the provisional orders issued therein had the unquestioned effect of dispossessing those who were in the actual and exclusive possession of the property, claiming the right thereto, and transferring such possession to those on whose applications the injunctions were issued. In the case at bar, according to the allegations on which the order was based, and, as we must assume, the evidence in support thereof, the plaintiff was in the possession of the property and the order of injunction protected her in such possession until the rights of the litigants could be finally determined. The writ of mandamus will not issue merely to correct errors; it must further appear that the relief prayed for by the application for the writ can be obtained by that means only, and as a last resort, and that the relator had no adequate remedy in the due and ordinary course of the law. It is said that the writ will issue only when all other remedies have failed, and that it will not issue when its effect would be to reverse or vacate an order of a court or tribunal having jurisdiction to make such order, although the same may be palpably erroneous; and especially is this so when such order is one that may be reviewed on error or appeal. *State v. Laflin,* 40 Nebr., 441; *Miles v. State,* 53 Nebr., 305, 309; *State v. Cornell,* 54 Nebr., 158, 161.

The trial court in the case at bar not only had jurisdiction of the parties and the subject-matter, but the order appears to have been one entirely appropriate, and to serve the purpose and functions contemplated by law in its issuance. In any event, the relator has a plain, speedy and adequate remedy at law for a reversal or modification should it be made to appear that it was wrongfully issued.

The application for the writ must be denied, which is accordingly done.

WRIT DENIED.