## WILLIAM H. MILES V. STATE OF NEBRASKA.

### FILED OCTOBER 19, 1905. No. 14,157.

1. **Injunction: CONTEMPT.** A party is not punishable for contempt of court for disregarding a void order of injunction; but, when an injunction is legally granted in a case where the court has jurisdiction of the subject matter and of the parties, it must be respected until it is set aside by the court allowing it, or is reversed in the appellate court by some appropriate mode of direct review.

2. ———: ———. When one knowingly disobeys an injunction which is not void, he is liable to punishment for contempt, though he would have been entitled to a vacation of the order upon a motion to dissolve or upon a trial of the merits of the bill.

3. **Bill of Exceptions.** Unless a bill of exceptions is authenticated in the manner required by law, the supreme court cannot receive and consider it.

4. **Injunction: CONTEMPT: REVIEW.** Where the evidence introduced on the trial of one charged with a constructive contempt of court for the violation of an order of injunction is not preserved and authenticated by a proper bill of exceptions, the only question which can be considered by the reviewing court is whether the pleadings contained in the transcript support the judgment, and, if they are found sufficient, the judgment will be affirmed.

ERROR to the district court for Frontier county: ROBERT C. ORR, JUDGE. *Affirmed.*

Miles v. State.

*E. B. Perry,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson* and *L. H. Chency, contra.*

BARNES, J.

This is a proceeding in error instituted by one William H. Miles to reverse a judgment of the district court for Frontier county by which he was adjudged to be in contempt of that court for the violation of an order of injunction. So far as we can ascertain from the complaint, the facts underlying this controversy are, in substance, as follows: One David C. Ballentine claimed to be the owner and was in possession of a certain tract of land situated in Frontier county adjoining the plaintiff's premises. On the 6th day of December, 1903, Ballentine commenced an action in the district court for Frontier county against the plaintiff, and in that suit obtained a temporary order of injunction, restraining the plaintiff from committing repeated trespasses upon his premises, or, in other words, enjoining a continuing trespass, which it was alleged consisted of driving over the lands of the said Ballentine, cutting down and destroying his fences, and driving cattle and hogs upon the land in controversy therein. While the temporary order of injunction was in force, a complaint in the form of an affidavit was filed, charging the plaintiff with a violation thereof. He was thereupon required to show cause why he should not be adjudged in contempt of court. Issues were made up, and a trial was duly had, which resulted in the judgment complained of. The plaintiff contends that the judgment of the trial court should be reversed because the temporary order of injunction was void. It is true that a void order of injunction will not sustain a judgment for contempt. *Calvert v. State,* 34 Neb. 616; *State v. Graves,* 66 Neb. 17.

It is claimed by counsel that the injunction was void because it transferred the title and the right of possession

of the premises in dispute to Ballentine summarily and without a trial. This contention is beside the mark. The record discloses that the injunction was only a temporary one, by which it was sought to hold matters *in statu quo* pending the litigation between the parties to the suit in which it was allowed. *Calvert v. State, supra,* is the case relied on by counsel for a reversal of the judgment complained of, but it does not sustain his contention. In that case the court said:

"A preliminary injunction is merely to preserve matters *in statu quo* until a hearing. * * * In any case where the court or judge has jurisdiction and grants an injunction during the pendency of a suit, the injunction while in force must be obeyed."

The injunction which was the basis of the proceeding for contempt was, as above stated, merely a temporary order restraining a continuing trespass during the pendency of the action in which it was allowed. That the district court had power to make and enforce such an order cannot be successfully questioned. *Shaffer v. Stull,* 32 Neb. 94; *Peterson v. Hopewell,* 55 Neb. 670; *Pohlman v. Evangelical Lutheran Trinity Church,* 60 Neb. 364; *Sills v. Goodyear,* 80 Mo. App. 128. It was the duty of the plaintiff while the order was in force to obey it. One violating such an order does so at his peril. In *Wilber v. Wooley,* 44 Neb. 739, it was held:

"A party is not punishable for contempt of court for disregarding a void order of injunction; but when an injunction is legally granted in a case where the court has jurisdiction of the subject-mattter and of the parties, it must be respected until set aside by the court allowing it, or it is reversed in the appellate court by some appropriate mode of direct review. Where one knowingly disobeys an injunction which is not void, he is liable to punishment for contempt, though he would have been entitled to a vacation of the order upon a motion to dissolve, or upon a trial upon the merits of the bill."

It is further claimed that the evidence does not support

the judgment. An examination of the record discloses that we are not at liberty to examine that question. What purports to be the bill of exceptions, attached to the transcript herein, has never been settled and allowed by the judge before whom the cause was tried. Neither is it settled, allowed or certified to by the clerk of the district court. In fact, it is not authenticated in any manner known to the law. For this reason, as we have frequently held, we cannot consider it. *Hogan v. O'Niel,* 17 Neb. 641; *Edwards v. Kearney,* 13 Neb. 502; *Quick v. Sachsse,* 31 Neb. 312; *Murphy v. Warren,* 55 Neb. 215.

The only question left for our determination is whether the pleadings are sufficient to sustain the judgment. The sufficiency of the complaint, which is in the nature of an affidavit, has not been challenged in any manner by the plaintiff. In fact, it seems to be conceded on this branch of the case that, if the facts stated therein were true, the plaintiff was rightly adjudged to be in contempt of court. This being the case, nothing remains for us to do but to affirm the judgment of the district court, which is accordingly done.

AFFIRMED.