CHARLES D. CARMICHAEL, APPELLANT, V. JANE MCKAY, APPELLEE.

FILED MAY 21, 1908.   No. 15,198.

1. **Justice of the Peace: ABSENCE: CALLING IN ANOTHER JUSTICE.** That part of section 1092 of the code which reads as follows: "In case of the sickness or other disability, or necessary absence of a justice, at the time appointed for trial, another justice of the same county may, at his request, attend in his behalf, and shall thereupon become vested with the powers, for the time being, of the justice before whom the summons was returnable"—construed, and *held* that, so long as the necessary absence of the justice before whom the case was commenced continued, the justice who was requested to attend in his behalf would retain jurisdiction to do and perform every act required in the proceedings, including the filing and approval of an appeal bond and the making of a transcript.

2. **Appeal: Exceptions, Bill of.** This court will not consider any af-
fidavits that may appear in the transcript as having been used
upon any contested question of fact determined by the district
court, unless such affidavits are preserved in a bill of exceptions.

APPEAL from the district court for Furnas county:
ROBERT C. ORR, JUDGE. *Affirmed.*

*Perry & Lambe,* for appellant.

*W. S. Morlan, contra.*

GOOD, C.

On December 10, 1906, the appellant commenced this
action before L. B. Burton, a justice of the peace of Cam-
bridge precinct, in Furnas county. Summons was issued
and made returnable on the 17th of December. Justice
Burton, being unable to be present on the day set for
trial, pursuant to the provisions of section 1092 of the
code, requested G. E. Simon, the other justice of said
precinct, to attend and hear the cause. On that day the
parties appeared, and trial was had before justice Simon,
resulting in judgment in favor of the plaintiff. On the
27th of December the defendant, appellee herein, pres-
ented to Justice Simon an appeal bond, which was by him
approved and entered upon the docket. Under the date of
January 8, 1907, Justice Simon made and certified to a
transcript of the proceedings had in the case, which was
on the following day filed in the district court for Furnas
county. Thereafter the plaintiff appeared specially in the
district court, and filed objections to the jurisdiction of
that court upon the following grounds: That no under-
taking for appeal had been furnished by the defendant;
that no undertaking had been approved by Justice Bur-
ton, or by any one authorized by him; that Justice Burton
had not requested Justice Simon to approve the under-
taking for appeal, as required by section 1007 of the code;
and that no transcript of the proceedings had been filed
by Justice Burton, and that no transcript was on file cer-

tified to by Justice Burton. This special appearance and the objections to the jurisdiction were overruled by the district court on the 11th of March, 1907. Plaintiff elected to stand upon his objections to the jurisdiction, and refused to file a petition in the cause, and on the 16th day of March, upon motion of the defendant, the cause was dismissed. From the order overruling the objections to the jurisdiction of the court and judgment of dismissal, the plaintiff has appealed to this court.·

Appellant contends that the cause was pending before Justice Burton; that Justice Burton had returned to Cambridge precinct on the 23d of December, 1906, and prior to the time when the appeal bond was presented to Justice Simon and approved, and prior to the making of the transcript; that, upon the return of Justice Burton, Justice Simon was divested of all power to further act in the cause; and that the approval of the appeal bond by Justice Simon and the transcript made by him did not confer jurisdiction of the cause upon the district court. Section 1092 of the code is in the following language: "In case of ·the sickness or other disability, or necessary absence of a justice, at the time appointed for trial, another justice of the same county may, at his request, attend in his behalf, and shall thereupon become vested with the powers, for the time being, of the justice before whom the summons was returnable. In that case the proper entry of the proceeding before the attending justice, subscribed by him, must be made in the docket of the justice before whom the writ was returnable. If the case be adjourned, the justice before whom the summons was returnable must resume jurisdiction." Under this section of the statute, so long as the necessary absence of the justice before whom the case was commenced continued, the justice who was requested to attend in his behalf would retain jurisdiction to do and perform every act required in the proceedings, including the filing and approval of the appeal bond and the making of the transcript. The appellant does not contend otherwise. But

appellant does contend that Justice Burton returned on the 23d of December, and because of his return Justice Simon was thereby divested of any power or jurisdiction to proceed in the premises. It will be observed that a question of fact was therefore presented for the determination of the district court; namely, whether Justice Burton had returned to Cambridge precinct prior to the approval of the undertaking for appeal and the making of the transcript. Appellant contends that the record shows these facts by the affidavit of Justice Burton. There is no bill of exceptions, but there is such an affidavit appearing in the transcript. But the record is silent as to whether this affidavit was presented to the district court and considered by it in the determination of the question of fact. It is silent, also, as to what, if any, other evidence was presented to the court upon this question of fact raised by the objections to the jurisdiction. As no bill of exceptions was preserved, we are unable to say upon what evidence the district court acted in determining the question of fact. This court has repeatedly held that, where affidavits are used on the hearing of a motion, or in support of or against the issuance of a temporary injunction, if they are not preserved in a bill of exceptions, they will not be considered in this court. *Jordan v. Jackson,* 76 Neb. 15; *State v. Jessen,* 66 Neb. 515. It has also been held that affidavits found in the files of the case or attached to the transcript cannot be considered as having been used in support of a motion, unless they are included in the bill of exceptions. *Loar v. State,* 76 Neb. 148. Other cases which hold to the same doctrine are: *First Nat. Bank v. Carson,* 48 Neb. 763, and *Mercantile Trust Co. v. O'Hanlon,* 58 Neb. 482. See, also, *Reid, Murdoch & Co. v. Panska,* 56 Neb. 195, and *Miles v. State,* 74 Neb. 684.

There can be no doubt that the same rule applies to every question of fact which must be determined by the district court upon evidence, whether oral or by affidavits. This court is not at liberty to consider any affidavits that

may appear in the transcript as having been used upon any contested question of fact determined by the district court, unless such affidavits are preserved in a bill of exceptions. It is a well-recognized rule that every presumption and intendment will be indulged in favor of the rulings and judgment of a court of record. On account of the absence of any bill of exceptions, we are unable to say that the district court erred in overruling the objections to the jurisdiction. The presumption is that the ruling was correct. There was no apparent error in the order of the trial court in overruling the objections to the jurisdiction, and, plaintiff having refused to further prosecute the case by filing a petition, it was proper for the district court to dismiss the plaintiff's action.

No error being apparent in the record, it is recommended that the judgment of the district court be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.