JOHN M. NEFF ET AL., APPELLEES, v. JAMES G. KOLB ET AL., DEFENDANTS: H. BERGER, GARNISHEE, APPELLANT.

FILED JANUARY 21, 1918. No. 19843.

1. **Appeal: GARNISHEE: MOTION TO DISCHARGE: AFFIDAVITS.** Affidavits used on a motion to discharge a garnishee will not be considered in this court unless preserved by a bill of exceptions, and no issue can be raised here as to error in striking such affidavits from the files.

2. ———: FINDINGS BY COURT. The finding of the district court upon a question of fact in such a proceeding is entitled to the same weight as the verdict of a jury, and will not be set aside unless manifestly wrong.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*D. H. Moulds* and *H. D. Rhea,* for appellant.

*E. A. Cook, W. M. Cook* and *T. M. Hewitt, contra.*

LETTON, J.

This was a proceeding in garnishment after judgment. The garnishee's answer disclosed it had $373.79 belonging to defendant Berger. Defendant then filed an affidavit that he was married and the head of a family; that he had neither lands, town lots, nor houses subject to exemption under the laws of the state. He also filed an inventory that his personal property was of the total value of $458 and a motion to discharge the garnishee for the reason that the money in its hands was exempt. An affidavit was then filed by one of the plaintiffs to the effect that defendant and his wife resided in a dwelling-house in Lexington, which was owned by Mrs. Berger as their homestead. On December 27, 1915, seven affidavits were filed in behalf of defendant. A motion was filed to strike these affidavits from the files for the reason that each of them was sworn to before H. D. Rhea, attorney, who was then attorney for the defendant. The court took oral testimony on this point, found for plaintiff on this issue, and struck the affidavits from the files. The cause then coming on to be heard, oral testimony was taken. The court found that the homestead of plaintiff had not been abandoned, and that he was not entitled to the exemption of the personal property claimed. From this judgment defendant appeals.

The first proposition argued is that the court erred in sustaining the motion to strike the affidavits from the record which were sworn to before Mr. Rhea. The contents of only two of the affidavits are set forth in the bill of exceptions, and these only can be considered. *First Nat. Bank v. Carson,* 48 Neb. 763; *Morsch v. Besack,* 52 Neb. 502; *Carmichael v. McKay,* 81 Neb. 725; *Burrowes v. Chicago, B. & Q. R. Co.,* 85 Neb. 497.

As to whether the district court was justified in finding that Mr. Rhea was disqualified with reference to these, the evidence is not entirely clear. The same rule must be applied as in the case of a verdict by

the jury upon conflicting evidence, and the finding in such a proceeding will not be set aside unless it is manifestly wrong. We believe there is sufficient evidence to sustain the finding, and that it was not erroneous to strike the affidavits from the files.

The evidence shows that, when Berger and his wife removed from their home in May, it was for the purpose of having the same repaired and remodeled. They went temporarily to the home of Mrs. Berger's father in Lexington, and lived there most of the time while this work was being done. Most of their furniture was left in the house. Afterwards they went to Omaha for a time on account of Mrs. Berger's health, and while there a victrola was sent to Lexington by Mrs. Berger, and under her direction was taken from the railroad station and left at the home. There is also testimony that the contractor who raised the house was told by Berger that he was going to fix it up and rent it furnished, and that they were going to California; but the proof is not convincing that the home was ever actually abandoned. Even if the court had erred in deciding the collateral issue as to whether Mr. Rhea was qualified to administer an oath to these affiants, a consideration of all the testimony, including the evidence set forth in two of the affidavits stricken, which were excluded by the court at the trial, and are embodied in the bill of exceptions, has convinced us that the district court reached the proper conclusion.

AFFIRMED.