Matthias, J.
The issue which is. determinative of this appeal is whether, in an action commenced in the Common Pleas Court pursuant to the provisions of Section 2915.02, Revised Code, a temporary injunction, ordering, inter alia, that premises alleged to have been used for gambling purposes “shall not be used for any purpose whatsoever until further notice of this court,” is void and subject to collateral attack in a subsequent contempt proceeding, or whether such temporary injunction must be obeyed implicitly until it is modified or dissolved.
Defendant contends that the evidence will not support even an inference that he was on the premises for a purpose in violation of the first paragraph of the temporary injunction, i. e., that he was engaging in or using the premises for gambling; and that the second paragraph of the temporary injunction is void in the first instance, since the court has no power to restrain the lawful use of the premises in a temporary injunction, but only in a permanent injunction after a final hearing.
We agree with the defendant that the evidence will not support a finding that his presence on the premises was connected with gambling. The question remaining is whether his mere presence on the premises constituted a violation of the second paragraph of the temporary injunction, so that he could be found guilty of contempt of court.
The second paragraph of the temporary injunction clearly states that the premises “shall not be used for any purpose whatsoever. ’ ’
Defendant, as indicated, argues that such order is void in that it attempts to extend the power of the court with respect to temporary injunctions beyond that authorized by Section 2915.02, supra.
At this point we must note that the temporary injunction has not been attacked by anyone through a proceeding on a motion to dissolve or modify, the order in which has been held appealable by this court. See Section 2727.14, Revised Code, and Trustees v. McClannahan, 53 Ohio St., 403, 42 N. E., 34.
*319 The subject of void and voidable injunctions has been much litigated, and the annotation in 12 A. L. B. (2d), 1059, indicates that there is not much conflict in the general rules enunciated by the various courts with respect thereto, although the application of such general rules to specific fact situations has produced varied results.
It is generally accepted that a court has no power to enforce an order or decree rendered by it without jurisdiction of either the subject matter or the parties. This court adhered generally to such rule in In re Cattell, 146 Ohio St., 112, 64 N. E. (2d), 416, 164 A. L. R., 312, wherein paragraphs five and six of the syllabus read as follows:
“5. Where a proper bond has not been given under Section 11882, General Code, a court or judge thereof is without jurisdiction to punish for a breach of an injunction issued pursuant to Section 11876, General Code.
“6. Where the statutory law of the state prescribes the terms and conditions under which an order of the Court of Common Pleas may become effective and further prescribes the punishment for a violation of such order, if effective, neither the Chapter of the General Code, Section 12136 et seq., pertaining to contempt, nor the inherent right of the court to enforce its orders may be invoked.”
Section 11882, General Code (Section 2727.07, Bevised Code), the section referred to in paragraph five of the syllabus, above, read, in part, as follows:
“Unless otherwise provided by special statute, no injunction shall operate until the party obtaining it gives a bond * * *.” (Emphasis added.)
Another general maxim relating to the question at hand is that, where a court has jurisdiction to make an order, the order is enforceable no matter how erroneous it may be. See 12 A. L. B. (2d), 1059, 1111, and cases cited.
It is said that, although in a sense every order which lacks jurisdictional support is erroneous, those which are erroneous for such lack of jurisdiction are void and subject to collateral attack, whereas those which are erroneous for other than jurisdictional reasons are merely voidable and not subject to col *320 lateral attack. It is the distinction between those orders which are fatally erroneous because of jurisdictional factors and those which are erroneous for other reasons which presents the difficult question.
The case of United States v. United Mine Workers of America, 330 U. S., 258, 91 L. Ed., 884, 67 S. Ct., 677, was decided in 1947. The basic question before the court was the power of a District Court, in the light of the Norris-LaGuardia Act, to entertain an injunction action in a labor dispute involving persons- who were alleged to be employees of the United States government, i. e., its power or jurisdiction to issue the temporary injunction there in question restraining the strike threatened by the United Mine Workers, the violation of which resulted in the contempt action before the Supreme Court on appeal. That court held that, since a court has the power to determine its own jurisdiction in the first instance, a temporary injunction must be obeyed regardless of the jurisdictional determination on the final hearing.
The question of whether error is jurisdictional was also considered and discussed in the case of Harrigan v. Gilchrist, 121 Wis., 127, 227, 99 N. W., 909, wherein the court said:
“A court may have jurisdiction of a particular subject matter, but by settled judicial policy ought not to exercise it. Again, it may— by the settled law, established by its own practice, deemed to be as binding as the written law; — have power in a conditional sense to adjudicate disputed matters of a particular character, acting by recognized unbending principles of procedure, but not jurisdiction to adjudicate such matters in the particular way attempted. In either case it is common to say of an excessive use of authority, that the court is without jurisdiction. If the excess has reference to want of power over the subject matter, strictly so called, the result is void and may be successfully challenged directly or collaterally. If it has reference merely to the judicial method of exercising power, the result is binding upon the parties to the litigation till reversed or set aside in some of the ways appointed by law. The former is usurpation; the latter error of judgment.”
In a later Wisconsin case, Cline v. Whitaker, 144 Wis., 439, *321 129 N. W., 400, 140 Am. St. Rep., 1039, in which the Harrigcm case, supra, is cited, the syllabus reads as follows:
‘ ‘ 1. However erroneous an injunctional order may be in the sense of wrong or inexcusable use of judicial power, it is binding on the person restrained and efficiently notified thereof till set aside in some proper proceeding.
“2. The saying that an injunctional order is good till set aside, if the court making it had jurisdiction of the subject matter, is to be understood, as to the word ‘jurisdiction,’ to refer to the existence or nonexistence of judicial power, and as to the word ‘subject matter’ to such subjects between the parties.
“3. If, in a given situation, there is any valid ground upon which a temporary injunctional order might, under any circumstances, be properly issued, though none be stated in the complaint, and it would be highly erroneous, even jurisdictionally wrong in the sense of inexcusable use of judicial authority, to allow such an interference and such allowance nevertheless occurs, it is erroneous, not void, and cannot properly be defied. ’ ’
To the same effect, see Franklin Union No. 4 v. People, 220 Ill., 355, 77 N. E., 176, 110 Am. St. Rep., 248, 4 L. R. A. (N. S.), 1001; Cummings-Landau Laundry Machine Co. v. Koplin, 386 Ill., 368, 54 N. E. (2d), 462; Wilber v. Woolley, 44 Neb., 739, 62 N. W., 1095; Miles v. State, 74 Neb., 684, 105 N. W., 301; and Ketchum v. Edwards, 153 N. Y., 534, 538, 47 N. E., 918.
Applying the test set out to the instant case, we see that it is within the power granted to the Common Pleas Court by Section 2915.02, supra, in a permanent injunction, to issue an order forbidding the use or occupancy for any purpose of premises found to be a common nuisance by reason of gambling activities conducted thereon. Since the Common Pleas Court of Mahoning County has the power to issue such an order, i. e., power over the subject matter of forbidding the use or occupancy for any purpose of premises used for gambling, and its jurisdiction of the persons involved is not questioned, it follows that its order must be obeyed, regardless of whether such power was imprudently or prematurely exercised in a temporary injunction. Although an erroneous exercise of judicial *322 power is a proper ground for a motion to modify or dissolve an injunction, it does not constitute a valid defense to an action in criminal contempt for the disobedience of such injunction.
It should be here noted that the application of the test herein set out seemingly results in a conflict between this case and the Cattell case, supra. The seeming conflict disappears, however, when it is realized that the wording of Secton 11882, General Code, the section found to be dispositive of the Cattell case, made the giving of a bond a condition precedent to the validity of an injunction “ unless otherwise provided by special statute,” and Section 2915.02, supra, specifically provides that “no bond is required in instituting such [injunction] proceeding or as a condition precedent to the issuance of any temporary injunction or restraining order.” Thus, the Cattell case is not disturbed by our finding herein.
The rules herein set out are in accord with the following statement of the Supreme Court of the United States in the United Mine Worker’s case, supra, with which we are in wholehearted accord:
“The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses his obedience, does so at .his peril. ’ ’
In conclusion:
1. We find that, since, on the final hearing, the trial court has the specifically granted power to forbid the use or occupancy for any purpose of the premises in question, the temporary injunction forbidding such use must be obeyed implicitly until dissolved or modified, regardless of any error committed by the trial court in its exercise of such power.
. 2.- Keeping in mind, that this court does not weigh the evidence but may determine the sufficiency thereof, we find that the evidence, actual and circumstantial, which was presented to the trial court in the contempt hearing was sufficient to justify the finding of that court that the defendant, having actual notice of its order, willfully violated it and is guilty of a criniinal contempt of court.
*323 For these reasons, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman and Herbert, JJ., concur.
Stewart, Taft and Bell, JJ., dissent.